UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CURTIS HARRIS, # 218238, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-722 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| LIEUTENANT KOWALSKI, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. The matter is before the court for *de novo* review on the basis of plaintiff's objections to an April 27, 2006 report and recommendation (docket # 33) recommending that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted. Upon *de novo* review, the court finds that plaintiff's objections are meritless. Plaintiff's motion for summary judgment will be denied and defendants' motion for summary judgment will be granted.

## Discussion

Plaintiff objects to the magistrate judge's determination that "affidavits" submitted in support of plaintiff's motion and in opposition to defendants' motion for summary judgment could not be considered by the court because the documents had not been submitted under oath and failed to satisfy the statutory requirements of 28 U.S.C. § 1746 for unsworn declarations. (Report and Recommendation at 8). Plaintiff argues that the magistrate judge "overlooked" affidavits of prisoners Butler and Brown, and that the documents had been sworn. Plaintiff is incorrect. The

magistrate judge did not overlook these documents and the documents are unsworn. Butler's "Affidavit of Truth" and Brown's "Affidavit" (docket # 14, attachments) are not notarized. Nothing within the documents remotely suggests that Prisoners Butler or Brown had been placed under oath by an officer authorized to administer oaths before making the statements appearing in these documents. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2001)(An affidavit is "required to be sworn to by the affiant in front of an officer authorized to administer oaths . . . ."); *see also Pollock v. Pollock*, 154 F.3d 601, 612 (6th Cir. 1998)("An unsworn affidavit cannot be used to support or oppose a motion for summary judgment."); *Chishty v. Texas Dep't of Aging & Disability Servs.*, No. 04-cv-26, 2006 WL 1207894, at * 2 (E.D. Tex. May 4, 2006); *Herbert v. Maxwell*, No. CV-03-1739-A, 2005 WL 2429174, at * 2 n.2 (W.D. La. Sept. 30, 2005). The mere presence of the word "sworn" within the text of the documents does not suffice. Furthermore, the documents failed to qualify as unsworn declarations because the phrase "under penalty of perjury" is conspicuously absent from both documents. 28 U.S.C. § 1746. Even if the court could consider these documents, they would not raise a genuine issue of fact for trial, because the documents are replete with inadmissible hearsay and negligible admissible content.

Plaintiff's remaining objection is an argument that defendants failed to provide plaintiff with adequate discovery. Plaintiff's belated expression of a desire to conduct additional discovery does not provide a basis for denying defendants' motion. Defendants filed their motion for summary judgment in February 2006. Plaintiff never filed a motion to compel defendants to answer any discovery requests. A review of the docket sheet reveals no outstanding discovery requests. Plaintiff never filed a timely Rule 56(f) affidavit in opposition to defendants' motion for

summary judgment.  *See United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).

## <u>Conclusion</u>

For the reasons stated herein, plaintiff's objections (docket # 33) will be overruled, the magistrate judge's report and recommendation (docket # 32) will be adopted as the court's opinion, plaintiff's motion for summary judgment (docket # 13) will be denied, defendants' motion for summary judgment (docket # 21) will be granted, and judgment will be entered in favor of defendants on all plaintiff's claims.

Date:  <u>    May 12, 2006    </u>          <u>/s/ Robert Holmes Bell                    </u>
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT  JUDGE