UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS HARRIS, # 218238, | ) |
| Plaintiff, | ) Case No. 1:05-cv-722 |
| v. | ) Honorable Robert Holmes Bell |
| LIEUTENANT KOWALSKI, et al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On May 12, 2006, the court entered judgment in favor of defendants. (docket # 36). Defendants filed a timely motion to tax costs in the amount of $50.00. (docket # 37). On May 16, 2006, the court issued an order directing plaintiff to file a response to defendants' motion. (docket # 40). Plaintiff filed his response on June 2, 2006. (docket # 42).

Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See McDonald v. Petree*, 409 F.3d 724, 731 (6th Cir. 2005); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *see also Lawrence v. Chabot*, Nos. 05-1082, 05-1397, 2006 WL 1342316, at * 2 (6th Cir. May 16, 2006). In its discretion, the court does not find that any relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption in favor of awarding costs. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Defendants' motion is supported by verification that each

item of cost or disbursement was correct and had been necessarily incurred in this action and that the services for which fees had been charged were actually and necessarily performed.  Plaintiff has not objected to the reasonableness of any cost item sought by defendants.  Plaintiff argues that he did not agree to pay the defendants' costs.  No agreement is necessary because defendants are entitled to their costs as a matter of statutory right.  *See* 28 U.S.C. §§ 1915(f)(2), 1920, 1923.  Upon review, the court finds that the costs sought by defendants are authorized by statute and are reasonable in nature and amount.  Costs in the amount of $50.00 are therefore approved.  Judgment will be entered in defendants' favor in that amount.

Plaintiff filed his complaint on October 20, 2005, years after the effective date of the Prison Litigation Reform Act ("PLRA").  All costs incurred by defendants were incurred after the effective date of the PLRA.  The PLRA establishes a statutory formula for periodic payment of costs taxed against prisoner litigants.  28 U.S.C. §§  1915(b)(2), (f)(2)(B).   Under the PLRA, plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period.  28 U.S.C. § 1915(f)(2)(B).  Plaintiff's certificate establishing prisoner account activity (docket # 41) shows an average monthly account deposit of $0.00 and a negative average monthly balance.  Therefore, plaintiff has no funds available for making an  immediate payment to the Michigan Attorney General's Office.  The $50.00 is to be paid by plaintiff to the Michigan Attorney General's Office by withdrawing twenty-percent of the monthly income credited to plaintiff's account until paid in full.  28 U.S.C. § 1915(b).

The Michigan Department of Corrections is not required to immediately forward withdrawn funds totaling less than $10.00 to the State Attorney General's Office, but must take steps to make sure that the total amount withdrawn does not exceed the $50.00 in costs awarded against plaintiff.  28 U.S.C. § 1915(f)(2)(C).

Date:     July 20, 2006             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE